16990.0002.275246

E-FILED
Tuesday, 18 November, 2014  10:28:35 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| STEVEN FRAKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. _____ |
| | ) | |
| ELBA-SALEM FIRE PROTECTION | ) | |
| DISTRICT, TRUSTEE GERALD | ) | |
| BUCKMAN, in his official capacity, | ) | |
| TRUSTEE EUGENE SAUNDERS in his | ) | |
| official capacity, and TRUSTEE | ) | |
| GREGORY A. WESSEL, in his official | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

## COUNT I – CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. §1983
## AGAINST ELBA-SALEM FIRE PROTECTION DISTRICT

NOW COMES the Plaintiff, STEVEN FRAKES, by his attorneys, KAVANAGH,

SCULLY, SUDOW, WHITE & FREDERICK, P.C., and hereby complains of Defendant,

ELBA-SALEM FIRE PROTECTION DISTRICT (hereinafter "ELBA-SALEM"), and in support

thereof, states as follows:

1.      Plaintiff, STEVEN FRAKES, is a natural person and is a resident of Knox

County, Illinois.

16990.0002.275246

2.      Defendant, ELBA-SALEM, is a public fire protection district located in Yates City, Knox County, Illinois, and is a unit of local government under Illinois law.

3.      Defendant, ELBA-SALEM, is governed by a board of trustees who are policy makers and who exercise all power and control over all of the affairs of the fire protection district.

4.      At the time of the events complained of, Defendant, GERALD BUCKMAN, Defendant, EUGENE SAUNDERS, and Defendant, GREGORY A. WESSEL, were the sole trustees of Defendant, ELBA-SALEM, and Defendant, GERALD BUCKMAN, was the President of the Board of Trustees.  All three Defendant trustees are sued in their official capacities.

5.      Most of the occurrences, actions, events, and circumstances giving rise to the present cause of action occurred in Knox County, Illinois.

6.      This cause of action arises under the statutes and constitution of the United States, specifically the Freedom of Press, Freedom of Speech, and Freedom of Petition clauses of the First Amendment to the United States Constitution, as made applicable to state action through the Fourteenth Amendment and 42 U.S.C. §1983.

7.      By reason of the above, this court has personal jurisdiction over the parties and subject matter jurisdiction over the cause of action under 28 U.S.C. §1331 and 28 U.S.C. §1343.

8.      From approximately February of 2000 until approximately July 29, 2014, the Plaintiff was employed by the Defendant as a firefighter.

2

16990.0002.275246

9.      During the course of his employment with Defendant, ELBA-SALEM, Plaintiff reported and complained to Defendant, ELBA-SALEM, and to others, that the Defendant, ELBA-SALEM's, activities and the activities of its employees violated Illinois law and Defendant's own policies and rules.

10.     On or about June 1, 2013, Plaintiff and co-employee, Phillip L. Goedeke, sent an OMA- Request for Review by Public Access Counselor (PAAC) (hereinafter "Request for Review") to the Illinois Attorney General's Office which listed 4 occasions in which Defendant, ELBA-SALEM, had violated the Illinois Open Meetings Act, 5 ILCS 120/1.01 et seq.

11.     The above Request for Review was sent to the Defendant, ELBA-SALEM, by the Illinois Attorney General's Office and Defendant, ELBA-SALEM, acknowledged receipt and responded to the Request for Review.

12.     Plaintiff also reported and complained about other actions or practices by the Defendant, ELBA-SALEM, and others that violated Illinois law, including:

(a)     Reported that co-employee, Ken Vallas, had come to work for Defendant while intoxicated;

(b)     Reported that co-employee, Ken Vallas, had posted online postings which attempted to provoke a member of the community for sending a letter to the Defendant's trustees;

(c)     Reported co-employee, Ken Vallas', off duty activities, in public, which involved intoxication and harassment, provocations, and attempts to intimidate, in violation of 720 ILCS 5/12-6, 5/12-6.2;

(d)     Reported that co-employee, Ken Vallas, had attended an official firefighter's function, namely the annual firefighter's banquet, on or about January 25, 2014 despite being on suspension from all fire department activities;

16990.0002.275246

 

      (e)     Presented a petition to the Defendant requesting that co-employee, Ken Vallas, be fired for his activities as recited above.

13.     All of the above reports and complaints made by Plaintiff were communicated by the Plaintiff and others to the Defendants, ELBA-SALEM, TRUSTEE GERALD BUCKMAN, TRUSTEE EUGENE SAUNDERS, and TRUSTEE GREGORY A. WESSEL.

14.     In retaliation for the above actions and statements by Plaintiff, Defendant, ELBA-SALEM, by unanimous vote of its trustees, discharged Plaintiff on or about July 29, 2014.

15.     All of the three trustees, namely Defendants, GERALD BUCKMAN, EUGENE SAUNDERS, and GREGORY A. WESSEL, voted to dismiss Plaintiff on or about July 29, 2014.

16.     The Defendants' actions, in discharging Plaintiff, violated Plaintiff's rights under the Freedom of Speech, Freedom of Press, and Right to Petition clauses of the First Amendment to the United States Constitution, as incorporated by and made enforceable against state action by the Fourteenth Amendment to the United States Constitution.

17.     The Defendants' actions as recited above were taken under color of law under 42 U.S.C. §1983.

18.     As a result of the Defendants' firing of Plaintiff, Plaintiff has suffered a loss of income, damage to his reputation, and mental and emotional distress.

WHEREFORE Plaintiff, STEVEN FRAKES, prays that this court enter judgment in his favor and against the Defendant, ELBA-SALEM FIRE PROTECTION DISTRICT, for damages in excess of $500,000.00 for the following relief:

      (a)     Damages for financial and other economic loss, including back pay and front pay from the Defendant and income from Plaintiff's business, of

4

16990.0002.275246

which he has been deprived because of the Defendant's actions as recited above;

(b)    Damages for loss of reputation;

(c)    Damages for mental and emotional distress;

(d)    Plaintiff's attorney's fees and costs in filing and pursuing this action;

(e)    Reinstatement of his position of firefighter with Defendant;

(f)    Such other and further relief as the court shall find fair and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY ON COUNT I

## COUNT II – CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. §1983 AGAINST TRUSTEE GERALD BUCKMAN

1-18.   Plaintiff repeats and realleges Paragraph 1-18 of Count I of Plaintiff's Complaint as and for Paragraph 1-18 of Count II of Plaintiff's Complaint.

WHEREFORE Plaintiff, STEVEN FRAKES, prays that this court enter judgment in his favor and against the Defendant, TRUSTEE GERALD BUCKMAN, for damages in excess of $500,000.00 for the following relief:

(a)    Damages for financial and other economic loss, including back pay and front pay from the Defendant and income from Plaintiff's business, of which he has been deprived because of the Defendant's actions as recited above;

(b)    Damages for loss of reputation;

(c)    Damages for mental and emotional distress;

(d)    Plaintiff's attorney's fees and costs in filing and pursuing this action;

(e)    Reinstatement of his position of firefighter with Defendant;

5

16990.0002.275246

(f)     Such other and further relief as the court shall find fair and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY ON COUNT II

**COUNT III – CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. §1983
AGAINST TRUSTEE EUGENE SAUNDERS**

1-18.   Plaintiff repeats and realleges Paragraph 1-18 of Count I of Plaintiff's Complaint

as and for Paragraph 1-18 of Count III of Plaintiff's Complaint.

WHEREFORE Plaintiff, STEVEN FRAKES, prays that this court enter judgment in his

favor and against the Defendant, TRUSTEE EUGENE SAUNDERS, for damages in excess of

$500,000.00 for the following relief:

(a)     Damages for financial and other economic loss, including back pay and
front pay from the Defendant and income from Plaintiff's business, of
which he has been deprived because of the Defendant's actions as recited
above;

(b)     Damages for loss of reputation;

(c)     Damages for mental and emotional distress;

(d)     Plaintiff's attorney's fees and costs in filing and pursuing this action;

(e)     Reinstatement of his position of firefighter with Defendant;

(f)     Such other and further relief as the court shall find fair and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY ON COUNT III

**COUNT IV – CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. §1983
AGAINST TRUSTEE GREGORY A. WESSEL**

1-18.   Plaintiff repeats and realleges Paragraph 1-18 of Count I of Plaintiff's Complaint

as and for Paragraph 1-18 of Count IV of Plaintiff's Complaint.

6

16990.0002.275246

WHEREFORE Plaintiff, STEVEN FRAKES, prays that this court enter judgment in his favor and against the Defendant, TRUSTEE GREGORY A. WESSEL, for damages in excess of $500,000.00 for the following relief:

> (a)   Damages for financial and other economic loss, including back pay and front pay from the Defendant and income from Plaintiff's business, of which he has been deprived because of the Defendant's actions as recited above;

> (b)   Damages for loss of reputation;

> (c)   Damages for mental and emotional distress;

> (d)   Plaintiff's attorney's fees and costs in filing and pursuing this action;

> (e)   Reinstatement of his position of firefighter with Defendant;

> (f)   Such other and further relief as the court shall find fair and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY ON COUNT IV

## COUNT V – COMMON LAW RETALIATORY DISCHARGE AGAINST ELBA-SALEM FIRE PROTECTION DISTRICT

NOW COMES the Plaintiff, STEVEN FRAKES, by his attorneys, KAVANAGH, SCULLY, SUDOW, WHITE & FREDERICK, P.C., and hereby complains of Defendant, ELBA-SALEM FIRE PROTECTION DISTRICT, and in support thereof states as follows:

1.   Plaintiff, STEVEN FRAKES, is a natural person and is a resident of Knox County, Illinois.

2.   Defendant, ELBA-SALEM FIRE PROTECTION DISTRICT, is a public fire protection district located in Yates City, Knox County, Illinois and is a unit of local government under Illinois law.

7

16990.0002.275246

3.      The occurrences, actions, events, and circumstances giving rise to the present cause of action occurred in Knox County, Illinois.

4.      This cause of action arises under the laws of the State of Illinois and the court has jurisdiction of this cause of action under 28 U.S.C. §1367.

5.      By reason of the above, this court has personal jurisdiction over the parties, and subject matter jurisdiction of the cause of action, and venue is proper in this court.

6.      From approximately February of 2000 until approximately July 29, 2014, Plaintiff was employed by Defendant as a firefighter.

7.      During the course of the employment with Defendant, Plaintiff reported and complained to Defendant and to others that the Defendant's activities and the activities of Defendant's employees violated Illinois law and Defendant's own policies and rules.

8.      On or about June 1, 2013, Plaintiff and co-employee, Phillip L. Goedeke, sent an OMA- Request for Review by Public Access Counselor (PAAC) (hereinafter "Request for Review") to the Illinois Attorney General's Office which listed 4 occasions in which Defendant had violated the Illinois Open Meetings Act, 5 ILCS 120/1.01 et seq.

9.      The above Request for Review was sent to the Defendant by the Illinois Attorney General's Office and Defendant acknowledged receipt and responded to the Request for Review.

10.     Plaintiff also reported and complained about other actions or practices by the Defendant and others that violated Illinois law, including:

(a)     Reported that co-employee, Ken Vallas, had come to work for Defendant while intoxicated;

8

16990.0002.275246

     (b)     Reported that co-employee, Ken Vallas, had posted online postings which attempted to provoke a member of the community for sending a letter to the Defendant's trustees;

     (c)     Reported co-employee, Ken Vallas', off duty activities, in public, which involved intoxication and harassment, provocations, and attempts to intimidate, in violation of 720 ILCS 5/12-6, 5/12-6.2;

     (d)     Reported that co-employee, Ken Vallas, had attended an official firefighter's function, namely the annual firefighter's banquet, on or about January 25, 2014 despite being on suspension from all fire department activities;

     (e)     Presented a petition to the Defendant requesting that co-employee, Ken Vallas, be fired for his activities as recited above.

11.     All of the above reports and complaints made by Plaintiff were communicated by the Plaintiff and others to the Defendant.

12.     Plaintiff reasonably believed that the activities of Defendant and Defendant's employees, as recited above, violated Illinois law and public policy and the Defendant's own policies and rules.

13.     On or about July 29, 2014, Defendant discharged Plaintiff.

14.     Plaintiff's discharge was motivated in whole or in part by Plaintiff's protected activities as described above.

15.     The Plaintiff's reports, complaints, and other actions as described above were protected by clearly mandated public policy, including the Open Meetings Act, 5 ILCS 120.1.01 et seq., the Defendant's own policy against its employees being intoxicated while on the job, the policy of protecting whistle blowers who report official misconduct, and the First Amendment to the United States Constitution and Article I Section 4 of the Constitution of the State of Illinois.

9

16990.0002.275246

16.     As a result of Defendant's firing of Plaintiff, Plaintiff has suffered a loss of income, damage to his reputation, and mental and emotional distress.

WHEREFORE Plaintiff, STEVEN FRAKES, prays that this court enter judgment in his favor and against the Defendant, ELBA-SALEM FIRE PROTECTION DISTRICT, for damages in excess of $500,000.00 for the following relief:

(a)     Damages for financial and other economic loss;

(b)     Damages for loss of reputation;

(c)     Damages for mental and emotional distress;

(d)     Punitive damages;

(e)     Plaintiff's costs in filing and pursuing this action;

(f)     Such other and further relief as the court shall find fair and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY ON COUNT IV

## COUNT VI – VIOLATION OF THE WHISTLEBLOWER ACT AGAINST ELBA-SALEM FIRE PROTECTION DISTRICT

1-16.   Plaintiff repeats Paragraph 1-16 of Count V of as and for Paragraphs 1-16 of Count VI.

17.     At all relevant times, there was in full force and effect in the State of Illinois a statute entitled the Whistleblower Act, 740 ILCS 174/1 et seq. (hereinafter "the Act").

18.     At all relevant times, Defendant was an employer within the meaning of the Act. 740 ILCS 174/5.

16990.0002.275246

19.     At all relevant times, Plaintiff was Defendant's employee within the meaning of the Act.  740 ILCS 174/5.

20.     The Act makes the following actions unlawful:

Retaliation for certain disclosures prohibited:

(a)     An employer may not retaliate against an employee who discloses information in the court, an administrative hearing, or before a legislative commission or committee, or in any other proceeding, where the employee has reasonable cause to believe that the information discloses a violation of a State or Federal law, rule, or regulation;

(b)     An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has a reasonable cause to believe that the information discloses a violation of a State or federal law, rule or regulation.

740 ILCS 174/15.

21.     Defendant's actions, in dismissing the Plaintiff in retaliation for his actions, as summarized above, violated the Act.

WHEREFORE the Plaintiff, STEVEN FRAKES, prays that this court enter judgment in his favor and against the Defendant, ELBA-SALEM FIRE PROTECTION DISTRICT, for damages in excess of $500,000.00 for the following relief:

(a)     Back pay, with interest and any other recoverable financial or economic loss;

(b)     Reinstatement with the same seniority status that the employee would have had but for the Defendant's violation;

(c)     Damages for loss of reputation;

(d)     Damages for mental and emotional distress;

11

16990.0002.275246

    (e)     Plaintiff's litigation costs, expert witness fees, and reasonable attorney's fees as allowed by 740 ILCS 174/30;

    (f)     Such other and further relief as the court shall find fair and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY ON COUNT VI

## COUNT VII – VIOLATION OF THE WAGE PAYMENT AND COLLECTION ACT AGAINST ELBA-SALEM FIRE PROTECTION DISTRICT

1-16.   Plaintiff repeats and realleges Paragraphs 1-16 of Count V as and for Paragraphs 1-16 of Count VII.

17.   At all relevant times, there was in full force and effect a statute entitled the Wage Payment and Collection Act, 820 ILCS 115/1 et seq.  (Hereinafter "the Act.")

18.   Plaintiff was Defendant's employee within the meaning of the Act.

19.   The Act requires that when an employee is separated, the employer shall pay the final compensation of that employee at the time of separation, if possible, but in any case no later than the next regularly scheduled pay day for such employee.  820 ILCS 115/5.

20.   Defendant has failed and refused to pay to Plaintiff his final compensation as defined above.

WHEREFORE the Plaintiff, STEVEN FRAKES, prays that this court enter an order in his favor and against the Defendant, ELBA-SALEM FIRE PROTECTION DISTRICT, for damages in excess of $500,000.00 for the following relief:

    (a)     Plaintiff's final compensation;

    (b)     Plaintiff's reasonable attorney's fees and costs plus 2% per month of the amount of unpaid compensation as allowed by 820 ILCS 115/14;

12

16990.0002.275246

 

 

(c)      Such other and further relief as this court shall find fair and equitable;

PLAINTIFF DEMANDS TRIAL BY JURY ON COUNT VII

Respectfully Submitted,
STEVEN FRAKES, Plaintiff

|  | By:  s/James W. Springer |
|  | James W. Springer Bar Number: 6192903 |
|  | Attorney for Plaintiff |
|  | Kavanagh, Scully, Sudow, |
|  | White & Frederick, PC |
|  | 301 SW Adams St., Suite 700 |
|  | Peoria, IL 61602 |
|  | Telephone:  (309) 676-1381 |
|  | Fax:  (309) 676-0324 |
|  | E-mail:  jamesspringer@ksswf.com |
|  |  |